IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION No. 1:17-cv-00133 |
| SUSAN VANCE | § § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Alexander Dubose Jefferson & Townsend LLP files this Original Complaint against Defendant Susan Vance ("Vance").

### I.   NATURE OF THIS ACTION

1.   Vance has been practicing law in the state of Texas for almost fifteen years and is a Board Certified specialist in Civil Appellate Law. Until recently, Vance was a non-equity partner at the law firm of Alexander Dubose Jefferson & Townsend LLP ("ADJT"). ADJT terminated Vance's employment on November 16, 2016. In spite of Vance's extensive legal experience and impressive resume, Vance acted with complete disregard for her legal and ethical duties after departing ADJT. After her termination, Vance logged in to the ADJT server using another employee's login credentials and misappropriated ADJT's client documents, attorney work-product and other confidential files. Despite repeated demands that Vance return the client files that she stole, Vance has not returned the materials. Accordingly, this lawsuit was necessitated by Vance's unlawful and unethical conduct.

**ADJT'S ORIGINAL COMPLAINT** – Page 1
3832266.1

## II.   PARTIES

2. Plaintiff Alexander Dubose Jefferson & Townsend LLP is a Texas Limited Liability Partnership.

3. Defendant Susan Vance is an individual and a resident of Texas. Vance resides at 7601 Ridgestone, Austin, Texas 78731 and can be served with process there.

## III.   JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1367 because ADJT's claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* arises under federal law. Further, Plaintiff's other claims are so related to the federal claim that they form part of the same case or controversy.

5. The Court has personal jurisdiction over Vance because she is a resident of Austin, Texas.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Vance resides in the Western District of Texas.

## IV.   FACTUAL ALLEGATIONS

7. ADJT is an appellate law firm with 19 lawyers practicing out of its offices in Austin, Dallas, and Houston. ADJT and its attorneys are bound by the Texas Disciplinary Rules of Professional Conduct to maintain the confidentiality of its clients' information—whether privileged or not. To this end, ADJT utilizes a secured server to maintain its clients' communications and documents, and access to the documents on that server is available only to its employees who have valid login credentials.

8. Vance was formerly a non-equity partner in ADJT's Austin office. During her tenure with ADJT, Vance had authorized access to ADJT's client files utilizing her assigned login credentials.

9. Around 11:00 a.m. on November 16, 2016, ADJT terminated Vance's employment. Contemporaneously and in conjunction with her termination from the firm, Vance's access to the ADJT server was terminated She was specifically informed that her access had been terminated, and she was no longer authorized to access ADJT's client files or information.

10. After Vance's termination, ADJT's Firm Administrator, Vicki Hughes, discovered an email in Vance's ADJT inbox sent from ADJT's Austin Office Administrator. The email was sent in the very early morning hours (12:25 a.m.) of November 17, 2016. This was, of course, the day *after* Vance was terminated. Hughes was initially concerned that the Office Administrator was forwarding documents to a terminated employee, since by the time it was sent, Vance's access to her ADJT inbox had been cut off.

11. Because of the highly unusual circumstances of this email communication, Hughes alerted ADJT of the need for a further investigation. Based on Hughes's recommendation, ADJT launched an internal investigation, utilizing the services of an outside IT professional to help determine exactly what had transpired. The IT professional reported his findings to ADJT on or around January 17, 2017.

12. ADJT's investigation uncovered a malicious course of conduct by Vance. On November 17, 2016, between 12:21 a.m. and 12:51 a.m., Vance unlawfully accessed the server of ADJT using the Austin Office Administrator's login credentials. Vance then forwarded several gigabytes of confidential and protected client files of ADJT to herself at the email address

susan@svancelaw.com. This is the same email address that Vance has used to communicate with the undersigned counsel since her termination.

13.     To confirm that it was actually Vance and not the Austin Office Administrator who sent the November 17 emails to Vance's personal email address, the Office Administrator was questioned. She denied sending any such emails during the middle of the night on November 17, 2016.

14.     Further, the investigation revealed that, in an intentional effort to disguise her misconduct, Vance logged back in to the system of ADJT around 4:00 a.m. on November 17, 2016 and attempted to delete all emails sent to susan@svancelaw.com in order to cover-up her illegal and unethical conduct.

15.     None of the ADJT clients whose documents and information were stolen by Vance has advised ADJT that Vance was authorized to access their confidential materials after her separation from ADJT.

16.     Upon information and belief, Vance intentionally took these client files to, among other things, position herself to contact current clients of the firm in order to convince them that she was well-prepared to continue representing them separately from the firm.

## V.     CAUSES OF ACTION[1]

### A.     Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)

17.     The above paragraphs are incorporated herein as if fully set forth.

---

[1] All legal disputes directly or indirectly arising out of or relating to the employment relationship of Vance and ADJT are subject to mandatory, binding arbitration. However, ADJT has filed this Complaint and related Application for Temporary Restraining Order and Preliminary Injunction for the sole purpose of obtaining preliminary injunctive relief seeking to avoid further immediate and irreparable harm. ADJT expressly acknowledges and agrees to timely proceed with the agreed-upon arbitration process once ADJT's Application for Temporary Restraining Order and Preliminary Injunction are resolved.

18.     Vance's actions in forwarding confidential and proprietary information of both ADJT and its clients from ADJT's computer system to an external email address after the termination of her employment from ADJT constitute violations of the Computer Fraud and Abuse Act ("CFAA"). Vance's actions in forwarding the data were done without authorization from ADJT and far exceeded Vance's authorization to use ADJT's computer system. Vance was authorized to use ADJT's computer system only while employed by ADJT, and she was specifically informed upon her termination that her access to ADJT's computer system and client files had been terminated. Vance was further informed that she was no longer authorized to access ADJT's computer system or client files.

19.     In transferring ADJT's data from ADJT's private computer system to her external email account, Vance acted without authorization.

20.     The ADJT computer system is used extensively in interstate and foreign commerce as it assists in the management and operation of ADJT's law practice.

21.     Vance's actions were part of a scheme to injure and harm ADJT and its business operations. Vance acted in a calculated and dishonest manner to obtain confidential and proprietary information of both ADJT and its clients.  Her conduct has damaged the integrity of ADJT's data, has necessitated ADJT contacting its clients to inform them of the information breach, and has caused loss of good will, reputation, and possibly future business.

22.     Plaintiff has spent well in excess of $5,000 within a one-year period, investigating Vance's intrusions into Plaintiff's protected computer networks, assessing the possible impairment to the integrity of its protected computer networks, and conducting damage assessment regarding Vance's wrongful conduct.

**B.**     **Violations of the Texas Uniform Trade Secrets Act**

23. The above paragraphs are incorporated herein as if fully set forth.

24. ADJT's legal strategy, analysis regarding client files, and pricing structures all constitute trade secrets that Vance misappropriated as defined by Section 134A.002(3) of the Texas Civil Practice and Remedies Code. These trade secrets are the property of ADJT.

25. Vance misappropriated ADJT's trade secrets, including its confidential information, such as fee and pricing structures, case strategies, and work product, all in violation of Texas Civil Practice and Remedies Code Chapter 134A.

26. As a direct and proximate result of Vance's misappropriation, ADJT has suffered and will continue to suffer damages.

**C.  Violations of the Texas Theft Liability Act**

27. The above paragraphs are incorporated herein as if fully set forth.

28. ADJT had a possessory right to the computer files of it and its clients.

29. Vance unlawfully appropriated the computer files by taking them without ADJT's authorization or consent. Vance appropriated the files with the intent to deprive ADJT of the use of such files.

30. As a direct and proximate result of Vance's unlawful appropriation, ADJT has suffered and will continue to suffer damages.

## VI.  ATTORNEYS' FEES

31. ADJT is entitled to and seeks an award of its reasonable and necessary attorneys' fees pursuant to Sections 134A.005 and 134.005(b) of the Texas Civil Practice and Remedies Code.

## VII.  PRAYER FOR RELIEF

ADJT respectfully requests that this Court enter a judgment in its favor as follows:

a. For compensatory and general damages according to proof;

b. For pre- and post-judgment interest.

c. For payment of costs of suit herein incurred;

d. For reasonable attorneys' fees incurred in the prosecution of this suit;

e. For injunctive relief as more fully explained in ADJT's Application for Temporary Restraining Order and Permanent Injunction filed contemporaneously; and

f. For such other and further relief as the Court may deem equitable and just.

Respectfully submitted,

By: */s/Ruth Ann Daniels*
Ruth Ann Daniels
Texas Bar No. 15109200
Marcus Fettinger
Texas Bar No. 24078500

GRAY REED & MCGRAW, LLP

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6172
Facsimile: (214) 953-1332

**ATTORNEYS FOR PLAINTIFF**

3832266.1