UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:17-CV-133-RP |
| SUSAN VANCE, | | |
| Defendant. | | |

## AMENDED ORDER[*]

Before the Court in the above-entitled matter is Plaintiff's Motion for Reconsideration of Denial of Motion to Compel Arbitration. (Dkt. 41). Having considered the filings, relevant legal standards, and the entire case file, the Court concludes that Plaintiff's Motion should be and is hereby **DENIED**.

## I. BACKGROUND

Plaintiff Alexander Dubose Jefferson & Townsend LLP ("Plaintiff" or "ADJT") is a law firm specializing in appellate representation. (Compl., Dkt. 1, ¶ 7). Defendant Susan Vance ("Defendant" or "Ms. Vance") was a non-equity partner at ADJT until her employment was terminated on November 16, 2016. (*Id.* ¶ 1). On February 22, 2017, ADJT filed suit against Ms. Vance pursuant to the Computer Fraud and Abuse Act, the Texas Uniform Trade Secrets Act, and the Texas Theft Liability Act. (*Id.* ¶¶ 17–30). On March 15, 2017, Ms. Vance filed an Original

---

[*] The Court enters this Amended Order to correct a minor typographical error in footnote one of its Order dated June 14, 2017, (Dkt. 46). With the exception of that change, this Amended Order is in all respects identical to the original Order.

1

Answer and Counterclaims, advancing claims for conversion, negligence, breach of contract, and violations of the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (Answer, Dkt. 13, ¶¶ 95–120).

ADJT then filed a Motion to Compel Arbitration, which sought to compel all claims in this matter to arbitration and to stay or dismiss this proceeding. (Mot. Compel, Dkt. 24). On May 22, 2017, the Court issued an order (1) concluding that ADJT had failed to establish that Ms. Vance received sufficient notice to create a valid agreement to arbitrate and (2) denying the Motion to Compel. (Order, Dkt. 38). ADJT filed the instant Motion to Reconsider on May 26, (Dkt. 41), and Ms. Vance filed her Response in Opposition on June 2, (Dkt. 44).

## II. LEGAL STANDARDS

Rule 54(b) allows a court to revise an interlocutory order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). The Federal Rules of Civil Procedure do not, however, specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Motions for reconsideration from interlocutory orders are generally governed by the standards for Rule 59(e) motions. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *Magallanes v. Ford Motor Co.*, No. EP-13-CV-00175-DCG, 2014 WL 12588335, at *1–2 (W.D. Tex. June 19, 2014).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in controlling law. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* While a district court has "considerable

2

discretion" to grant or deny a motion under Rule 59(e), reconsideration is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, 579 F. App'x 240, 245 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

## III. DISCUSSION

As a preliminary matter, the Court notes that ADJT's motion includes no discussion of the applicable legal standard. (*See generally* Mot. Reconsideration, Dkt. 41). Therefore, while the Court applies Rule 59(e) in reviewing the Motion, it does so without the benefit of any argument from ADJT that it has met the substantial burden described above.

ADJT grounds its Motion for Reconsideration in its claim that it "has discovered new evidence that unequivocally establishes that Ms. Vance had actual, express notice of the mandatory, binding arbitration agreement prior to the effective date of the policy." (Mot. Reconsideration, Dkt. 41, at 1). That evidence includes the declarations of ADJT employee Kennon Welch and ADJT partners Amy Warr and Charles T. Frazier, Jr. (*Id.*; Dkt. 41-1; Dkt. 41-2; Dkt. 41-3). ADJT's motion does not explain why the proffered declarations constitute new evidence. (*See generally* Mot. Reconsideration, Dkt. 41). Indeed, the declarations themselves detail conversations that took place in 2016. (Welch Decl., Dkt. 41-1, at 2; Warr Decl., Dkt. 41-2, at 2; Frazier Decl., Dkt. 41-3, at 2). The Court therefore concludes that ADJT's motion provides no newly discovered evidence and that the requested relief should be denied.[1]

---

[1] The Court notes that Plaintiff's proffered evidence, even if deemed "new," would likely be insufficient to justify granting the instant motion. Mr. Frazier's declaration states that Ms. Vance "indicated that she was fully aware of ADJT's arbitration policy" during a meeting that took place on November 21, 2016. (Frazier Decl., Dkt. 41-3, at 2). Ms. Warr's declaration states that Ms. Vance "was aware that ADJT had adopted a new dispute resolution policy." (Warr Decl., Dkt. 41-2, at 2). Ms. Welch's declaration states that Ms. Vance "commented [in October 2016] that the new arbitration policy was put into place because of her." (Welch Decl., Dkt. 41-1, at 2). None of these statements rebut the

## IV. CONCLUSION

As stated above, reconsideration is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). For the reasons stated herein, the Court is not satisfied that such relief is warranted here. Plaintiff's Motion for Reconsideration of Denial of Motion to Compel Arbitration, (Dkt. 41), is therefore **DENIED**.

**SIGNED** on June 27, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

Court's previous conclusion that Ms. Vance received insufficient notice—whether express or implied—of ADJT's implementation of a binding arbitration policy.